USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES OSWALDO MOSCOSO BRAVO,

Petitioner,

-v-

LADEON FRANCIS, et al.,

Respondents.

26-cv-5687 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Petitioner Andres Oswaldo Moscoso Bravo ("Petitioner") submitted a petition for a writ of habeas corpus on July 3, 2026 through the pastor of his Church as a next friend. He is a national and citizen of Ecuador who was forced to leave his native country due to violence. Dkt. No. 1 (the "Petition" or "Pet.") ¶ 4. Petitioner presented himself at the U.S.-Mexico border on November 29, 2023, and was released on his own recognizance the next day. Dkt. No. 8-1 ¶ 6. He has filed an I-589 application for asylum and withholding of removal in immigration court. Pet. ¶ 9. He was detained on July 3, 2026 at 26 Federal Plaza in New York City, after having been arrested while driving home. *Id.* ¶¶ 10–14. Petitioner has further represented to the Court that he has never missed a court appearance with respect to his immigration proceedings, that he has no criminal history in this country, that he is involved with his Church, and that he spends time helping those less fortunate in his community.

Respondents submitted a letter in response to the Petition on July 10, 2026. Dkt. No. 7. Respondents attach to the Declaration of Deportation Officer Kevin Brodowsky a form dated July 3, 2026 titled "INA § 236(a) Initial Custody Determination." Dkt. No. 7-7. Supervisory Detention and Deportation Officer Brenden C. Cuni signed the form, and determined that

Petitioner was a risk of flight on account of the fact that he "failed to alert DHS of his change of address, has no substantial ties to the community, and has no permanent address." *Id.* at 2. Accordingly, Respondents argue that Petitioner's detention is pursuant to 8 U.S.C. § 1226(a); that his detention is valid because the ICE officer made an initial custody determination on the basis of risk of flight; and that the appropriate remedy is therefore a bond hearing. Dkt. No. 8 at 3 (citing *Guedez v. Catletti*, 2026 WL 962575, at *2–3 (S.D.N.Y. Apr. 9, 2026)).

The Court held a conference in this proceeding on July 13, 2026. At that conference, Respondents did not object to the Court entering an order consistent with the relief awarded by Judge Rochon in *Guedez v. Catletti*, 2026 WL 962575, at *2-3 (S.D.N.Y. Apr. 9, 2026), cited with approval by the Government, Dkt. No. 8 at 3, that would require the Government, within seven days, to hold a bond hearing before an immigration judge at which (1) the Government would bears the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk and the IJ, in making a determination on bond and in setting any bond amount, would be required to consider both alternatives to detention and Petitioner's ability to pay. To avoid the order being illusory, the Government also would be enjoined from exercising an automatic stay should the IJ determine that release on bond is appropriate and the Government would be further enjoined from invoking 8 U.S.C. § 1225(b)(2) as a basis for Petitioner's detention before the immigration judge or as grounds for an appeal to the Board of Immigration Appeals. *See O.F.C. v. Almodovar*, 2026 WL 74262, at *16 (S.D.N.Y. Jan. 9, 2026).

Petitioner shall have until July 27, 2026 to reply to the Respondents' letter responding to Petitioner's writ of habeas corpus. In that reply, Petitioner shall indicate whether he consents to

the Court entering an order with the relief outlined above. Petitioner may respond earlier than July 27, 2026.

At the conference on July 13, Petitioner noted that he may be represented in his immigration proceedings and that such counsel may be prepared to represent him in this matter. The Clerk of Court is respectfully requested to e-mail this order to Nuala O'Doherty-Naranjo at info@jhimmigrantcenter.com. Additionally, the Clerk of Court is respectfully requested to seek pro bono counsel for Petitioner.

SO ORDERED.

Dated: July 13, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge