USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRES OSWALDO MOSCOSO BRAVO,<br><br>Petitioner,<br><br>-v-<br><br>KENNETH GENALO, et al.,<br><br>Respondents. | 26-cv-5687 (LJL)<br><br><u>MEMORANDUM AND ORDER</u> |

LEWIS J. LIMAN, United States District Judge:

On August 5, 2026, this Court issued an order conditionally granting the petition for writ of habeas corpus of petitioner Andres Oswaldo Moscoso Bravo ("Petitioner"). The Court ordered that Respondents either release Petitioner or afford Petitioner a hearing at which the Government would bear the burden of proving, by clear and convincing evidence, that Petitioner was a danger to the community or presented a risk of flight. Dkt. No. 19 at 17. The Court also specifically ordered the following: "In determining whether to grant bond, the immigration judge shall consider the availability of alternative conditions of release; in determining the amount of any bond imposed, the immigration judge shall consider the Petitioner's ability to pay." *Id.* The Court retained jurisdiction to ensure compliance with its order, including the jurisdiction to grant Petitioner release. *Id.*; *see* Dkt. No. 20 (Clerk's Judgment). The Court now orders that Petitioner be released effectively immediately.

The Immigration Court violated this Court's Order. Although the Immigration Court held a hearing on August 14, 2026, it failed to place the burden on the Government by clear and convincing evidence and failed to consider alternatives to detention. In denying release, the Immigration Court relied on entirely generic factors and stated simply that it was not convinced

by Petitioner's sponsor, in effect placing the burden of proof on Petitioner. Dkt. No. 25-1 at 8.[1] Most notably, the Immigration Court reached its determination prior to considering any alternative to detention, initially stating that it did not even believe that this Court had any authority to direct that alternatives to detention be considered. *Id.* at 8. When it later stated that there were no alternatives to detention, it merely reiterated what at that point was a foregone conclusion without addressing whether in Petitioner's case alternatives were necessary and could address any risk of flight.

Petitioner has moved for the Court to enforce its order. Dkt. No. 22. The Government has informed that it does not intend to oppose Petitioner's motion. Dkt. No. 29.

"A district court retains jurisdiction to review compliance with a conditional grant of the writ of habeas corpus, that is to determine whether the Government properly cured the identified constitutional error." *Mendoza v. Noem*, 2026 WL 1470652, at *3 (S.D.N.Y. May 26, 2026) (quoting *J.M.P. v. Arteta*, 807 F. Supp. 3d 265, 285 (S.D.N.Y. 2025)). "In reviewing a motion to enforce, . . . the Court's task is narrow: it is to determine whether [the Government] complied with this Court's order, not to review the hearing evidence de novo." *Id.* at *5 (quoting *G.F.F. v. Francis*, 2026 WL 924072, at *3 (S.D.N.Y. Apr. 4, 2026)). The Court retains discretion to order release after considering the risk posed by releasing the petitioner. *Id.* at *9.

Because the Immigration Court did not comply with the Court's Order, the Court exercises its discretion to order release. The Government does not claim that Petitioner presents a danger to the community. Dkt. No. 25-1 at 3; Dkt. No. 7-7. Petitioner also does not present a risk of flight. Petitioner is an asylum seeker from Ecuador. Upon entering the country, he was released based on the determination that he did not appear to be a threat to national security,

---

[1] Citations to this docket entry use ECF pagination.

border security, or public safety. Dkt. No. 19 at 1. He has diligently attended his immigration court hearings and has repeatedly updated his address with the immigration court and ICE, including as recently as November 2025. *Id.* at 2. He has joined a church in Staten Island where he resides, volunteers in the community, and has been employed with the same employer since December 2024 based on employment authorization. *Id.*

Respondents shall release Petitioner by 3:00 p.m. today, August 31, 2026, and shall file a letter with the Court by close of business today certifying compliance with this Court's order.

SO ORDERED.

Dated: August 31, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge